IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT OFFICE

| | | |
|---|---|---|
| SHEILA REED, | ) | |
| | ) | |
| Plaintiff, | ) | 2:15-cv-11808 |
| | ) | |
| v. | ) | |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, INCORPORATED, | ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, SHEILA REED, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, MIDLAND CREDIT MANAGEMENT, INCORPORATED, the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. SHEILA REED, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Rochester Hills, County of Oakland, State of Michigan.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to GE Capital Retail Bank/Lowe's (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed GE Capital Retail Bank/Lowe's was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. Upon information and belief, Defendant purchased, acquired and/or otherwise obtained the debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. MIDLAND CREDIT MANAGEMENT, INCORPORATED, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Florida. Defendant's principal place of business is located in the State of California. Defendant is incorporated in the State of Florida.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   ALLEGATIONS

15. On or about July 3, 2014, Defendant mailed to Plaintiff a correspondence dated July 3, 2014 in an attempt to collect the Debt from Plaintiff.

16. The aforesaid correspondence was the initial communication with Plaintiff.

17. The aforesaid correspondence stated, *inter alia*, that if Plaintiff did not, by August 17, 2014, either contact Defendant to discuss the Debt or tender payment to Defendant, then Defendant may proceed with forwarding the account to an attorney.

18. On or about August 4, 2014, Defendant mailed to Plaintiff a correspondence dated August 4, 2014 in an attempt to collect the Debt from Plaintiff.

19. The correspondence Defendant mailed to Plaintiff dated August 4, 2014 stated, *inter alia*, that if Plaintiff did not, by August 17, 2014, either contact Defendant to discuss the Debt or tender payment to Defendant, then Defendant may proceed with forwarding the account to an attorney.

20. At no time prior to August 7, 2014 did Plaintiff communicate with Defendant or tender payment to Defendant for the Debt.

21. On or about March 9, 2015, Defendant mailed to Plaintiff a correspondence dated March 9, 2015 in an attempt to collect the Debt from Plaintiff.

22. The correspondence Defendant mailed to Plaintiff dated March 9, 2015 stated, *inter alia*, that if Plaintiff did not, by April 8, 2015, either contact Defendant to discuss the Debt

or tender payment to Defendant, then Defendant may proceed with forwarding the account to an attorney.

23. The aforementioned statements made by Defendant, that it intended to assign the Debt to an attorney, were false, deceptive and misleading.

24. The aforementioned statements had the effect of conveying to an unsophisticated consumer that if the Debt was not paid, a lawsuit would be filed.

25. Plaintiff has not paid the Debt.

26. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the Debt.

27. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

28. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

29. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

30. In its attempts to collect the debt allegedly owed by Plaintiff to GE Capital Retail Bank/Lowe's, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    d.   Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

31.   As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

32.   Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHEILA REED, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.   All actual compensatory damages suffered;

    b.   Statutory damages of $1,000.00;

    c.   Plaintiff's attorneys' fees and costs;

    d.   Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**SHEILA REED**

By:   s/ David M. Marco
       Attorney for Plaintiff

Dated: May 19, 2015

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithmarco.com